JAMES CANN, Judge.
Claimants, J. Kelvin Holliday and Kathleen Holliday, are partners, trading as The Fayette Tribune, and as such partners are the owners and publishers of a newspaper of general circulation in and about Oak Hill, in Fayette County, West Virginia.
The Honorable Edgar B. Sims, as auditor of the state of West Virginia, is by virtue of the statute in such cases made and provided, ex-officio commissioner of delinquent and forfeited lands.
It appears from a stipulation of facts agreed upon by counsel for claimant, by the assistant attorney general, representing respondent, who appeared in person, and from the exhibits and other evidence offered in this case, that Howard W. Carson was by respondent appointed deputy commissioner of forfeited and delinquent lands for Fayette county, West Virginia, and as such was requested by respondent, under authority of, chapter 11 A, art. 4 of the code of West Virginia, to institute a certain suit in the circuit court of said Fayette county for the sale or other dis *106 position of certain parcels of land delinquent or forfeited to the state of West Virginia for the nonpayment of taxes. Said suit was filed by the said deputy commissioner, and as provided by sections 139 and 150 of said chapter 11A, art. 4 of the code, he contracted for and caused certain publications to be published in the newspaper of claimants, on May 31, June 7, June 14, August 2 and August 9, 1951, at a total cost of $112.25. From the sale of the lands proceeded against by said suit sufficient funds were not realized with which to pay the total costs of said publication, and as a result thereof $35.70 was paid to said claimants, leaving a balance due them of $76.55, for which this claim is made.
Both section 139 and section 150 of said chapter 11A, art. 4 of the code provide “That the cost of publication as provided therein shall be taxed to the state as part of its costs in the suits filed and shall be paid as hereinafter provided,” which no doubt means as provided in sec. 163 of said chapter and article.
At the hearing of this case the respondent testified and emphatically declared that the claim of the claimants was not only a moral but a legal obligation of the state, that the same was justly contracted by the state according to law, that the state had received the benefit thereof and that the state should pay the same, but that he, as state auditor, was powerless to honor said claim because the Legislature had failed to provide by statute for payment of such claims in the event of a deficiency caused by the failure to realize sufficient funds from the sale of lands as provided in said chapter 11A, art. 4 of the code.
It may be true, as contended by respondent, that the Legislature did not specifically state in the statute in question how the costs incurred as provided by law should be paid in the event of a deficiency at any sale made by virtue of said statute, yet this court is of the opinion that when a publishing company, acting in good faith, publishes legal notices contracted for by constitutional authority, as prescribed by statute, it becomes a just and legal obligation and an award should be made; that the integrity and credit of the state should at all times be held in *107 violate. This opinion has been held by this court in several cases, particularly in the following: Charleston Mail Association v. State Health Dept., 3 Ct. Claims (W. Va.) 174, and Berkeley Printing & Publishing Co. v. State Auditor, 3 Ct. Claims (W. Va.) 231.
The failure to pay the state’s just and legal obligations because the head of the state department involved, after said obligations are incurred, discovers what he believes to be ó technicality existing in the law under which the obligation was created, would be a blot upon the integrity and credit of the state and a condition might arise whereby its .prospective creditors would demand cash payments, and justly so, before the performance of any contract for fear that later it would be discovered that a technicality in the statute, under which said contract was performed, existed, and payment would be denied.
To this practice we cannot subscribe. Therefore, for the reasons herein set out, an award is made in favor of claimants J. Kelvin Holliday and Kathleen Holliday, trading as The Fayette Tribune, in the amount of seventy-six dollars and fifty-five cents ($76.55). . I